IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROSALYNN R. COLEMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-4909-D-BN |
| | § | |
| ALAMO SELF STORAGE, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge pursuant to 28 U.S.C. § 636(b) and an order of reference from the District Court. The undersigned issues the following findings of fact, conclusions of law, and recommendation that Plaintiff's case be summarily dismissed.

**Background**

On December 17, 2013, Plaintiff, proceeding *pro se*, filed a complaint against Alamo Self Storage and the United States seeking damages in the amount of $36,000,000 for the Texas offenses of intentional infliction of emotional distress, civil conspiracy, and theft. *See* Dkt. No. 3. Plaintiff also sought leave to proceed *in forma pauperis*. *See* Dkt. No. 6. Because the information provided by Plaintiff in her pauper's affidavit indicates that she lacks the funds necessary to prosecute this case, the Court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. *See* Dkt. No. 7. The Court then sent written interrogatories to Plaintiff to obtain additional

information about the factual basis of this suit. *See* Dkt. No. 8. Plaintiff filed an amended complaint on December 19, 2013, *see* Dkt. No. 9, and answered the interrogatories on January 10, 2014, *see* Dkt. No. 10. The Court then sent a supplemental questionnaire, *see* Dkt. No. 12, to which Plaintiff responded on July 7, 2014, *see* Dkt. No. 13.

In her amended complaint and interrogatory responses, Plaintiff generally alleges that Alamo Self Storage, the State of Texas, and the United States government conspired to use wireless surveillance under the Patriot Act and the Foreign Intelligence Surveillance Act to target her so that she was forced to use Alamo Self Storage to store her valuable personal property and pay storage fees for three years. *See* Dkt. Nos. 9 & 13. Plaintiff alleges that, then, when she was left in economic ruin, Alamo Self Storage auctioned Plaintiff's personal property for $679.64, which is far less than the $36,000,000 value of the property sold. *See id.*

The undersigned now concludes that Plaintiff's stand-alone claims against Alamo Self Storage should be dismissed for lack of jurisdiction, and her claims of conspiracy against Alamo Self Storage and all claims alleged against the United States and the State of Texas should be summarily dismissed as frivolous under 28 U.S.C. § 1915(e)(2).

## Legal Standards

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

(i) is frivolous or malicious;

> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679). The Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to" Plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

An action is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) ("A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law."). A complaint is without an arguable basis in law if it is grounded upon an untenable, discredited, or indisputably meritless legal theory,

including alleged violations of a legal interest that clearly does not exist. *See Neitzke*, 490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). A claim is factually frivolous when the facts alleged are "clearly baseless," *Neitzke*, 490 U.S. at 327, a category encompassing allegations that are "fanciful," *id.*, at 325, "fantastic," *id.* at 328, and "delusional," *id.*; *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (factual allegations are "clearly baseless" where they "rise to the level of the irrational or the wholly incredible").

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiff must allege more than labels and conclusions, and, while a court must accept all of Plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

**Analysis**

Initially, Plaintiff cannot sue Alamo Self Storage or its employees under 42 U.S.C. § 1983. Section 1983 affords redress only for conduct committed by a person or entity acting under color of state law – it does not ordinarily involve conduct of a private citizen or corporation. *See Thibodeaux v. Bordelon,* 740 F.2d 329, 332-33 (5th Cir. 1984). Plaintiff's complaint and interrogatory responses generally accuse Alamo Self Storage of improperly appropriating her property and selling it at a low value. To the extent that Plaintiff contends that Alamo Self Storage conspired with a state actor

and, therefore, acted under color of state law, her claims do not set forth any factual basis to suggest a conspiracy to violate her constitutional rights. *See* Dkt. No. 13 at 4 (providing Plaintiff opportunity to set forth facts to establish that Alamo Self Storage conspired with the United States to violate her rights). Instead, Plaintiff wishes to hold them liable for civil conspiracy under Texas law and does not allege that any constitutional right has been violated. *See* Dkt. No. 9; Dkt. No. 13 at 2. To the extent that Plaintiff suggests that Alamo Self Storage has conspired to violate her Fourth Amendment rights because it profited from the alleged government surveillance, *see* Dkt. No. 13 at 2, she fails to state a claim under Section 1983. A government's conferral of benefits on an entity is insufficient to convert the entity into a state actor. *See Jackson v. Metropolitan Edison,* 419 U.S. 345, 351-52 (1974).

To the extent that Plaintiff seeks to raise a claim apart from 42 U.S.C. § 1983, the Court is without jurisdiction to consider it. A federal court's jurisdiction is limited, and, unless otherwise provided by statute, federal courts generally may hear a case only (1) if it involves federal questions arising under the Constitution, laws, or treaties of the United States or (2) where diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1331, 1332. A party seeking to invoke a federal court's jurisdiction must prove that jurisdiction is proper. *See Boudreau v. United States,* 53 F.3d 81, 82 (5th Cir. 1995).

Here, neither basis for jurisdiction is satisfied. Plaintiff does not raise any plausible allegations against Alamo Self Storage under a federal statute or the United

-5-

States Constitution. *See* Dkt. No. 13 at 1. Instead, she sets forth largely nonsensical allegations of the illegal use of the Patriot Act and the Foreign Intelligence Surveillance Act and of violations of federal criminal statutes. *See id.* And Plaintiff does not allege or establish diversity jurisdiction under 28 U.S.C. § 1332(a). *See* Dkt. No. 9 at 1 (identifying Alamo Self Storage as a Texas corporation).

Whether or not Plaintiff has established subject matter jurisdiction against Alamo Self Storage, Plaintiff does not present a logical set of facts to support any claim for relief against any named defendant. Her complaint and interrogatory responses contain allegations wholly based on a delusional or fanciful scenario. Dismissal is warranted under these circumstances. *See Kolocotronis v. Club of Rome*, 109 F.3d 767 (table), 1997 WL 115260, at *1 (5th Cir. 1997) (affirming the dismissal of a complaint describing a government plot to spread the AIDS virus throughout the world); *accord Denton*, 504 U.S. at 32-33; *Neitzke*, 490 U.S. at 326-28.

Although Plaintiff has been permitted to further elaborate upon her claims to state a claim that is not clearly baseless, her amended complaint and two sets of questionnaire responses confirm that all claims are fanciful or delusional. Accordingly, the undersigned concludes that this lawsuit should be summarily dismissed with prejudice.

## Recommendation

The Court should dismiss Plaintiff's lawsuit with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: August 25, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE